**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 06 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DEYUN ZHANG, | No. 08-72653 |
| Petitioner, | Agency No. A098-442-013 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Deyun Zhang petitions for review of the decision by the Board of

Immigration Appeals ("BIA") affirming the denial of his claims for asylum,

withholding of removal and protection under the United Nations Convention

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we conclude that substantial evidence supports the BIA's decision, we deny the petition for review.

The facts of this case are known to the parties. We do not repeat them.

We review the BIA's adverse credibility findings for substantial evidence. *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004).[1] We uphold the BIA's credibility findings "unless the evidence compels a contrary result." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010).

When reviewing an adverse credibility finding, we evaluate each ground cited by the BIA in support of its finding. *Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir. 2003). The BIA must provide "specific and cogent reasons to support an adverse credibility finding, and those reasons must be substantial and bear a legitimate nexus to the finding." *Marcos v. Gonzales*, 410 F.3d 1112, 1117 (9th Cir. 2005) (internal quotation marks omitted).

We must accept the BIA's adverse credibility finding "as long as one of the identified grounds underlying the credibility finding is supported by substantial evidence and goes to the heart of [Zhang's] claims." *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). Here, we conclude that substantial evidence supports the

---

[1] Because Zhang filed his application for relief before May 11, 2005, this court evaluates the adverse credibility determination applying pre-REAL ID Act standards. *Joseph*, 600 F.3d at 1240 n.3.

BIA's findings that Zhang's declaration conflicts with his testimony about the number of times he was arrested and the length of his imprisonment.   Because Zhang's arrest and imprisonment are central to his asylum claim, we conclude that these discrepancies go to the heart of Zhang's claim.  *See Singh v. Gonzales*,  439 F.3d 1100, 1108 (9th Cir. 2006).  We therefore uphold the BIA's adverse credibility finding.

Without credible testimony establishing a well-founded fear of persecution, Zhang's asylum claim fails.  *See Mejia-Paiz v. INS*, 111 F.3d 720, 724 (9th Cir. 1997).  Zhang also fails to meet the higher standard of eligibility for withholding of removal.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because the requirements for protection under CAT differ from the requirements for asylum and withholding, the BIA must conduct a separate inquiry to determine eligibility for CAT relief.  *See Kamalthas v. INS*, 251 F.3d 1279, 1282-84 (9th Cir. 2001).  In this case, the BIA properly concluded that without credible testimony, Zhang failed to produce sufficient evidence to show that he is "more likely than not to be tortured" if he returns to China.  *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**DENIED.**